Per Curiam.

The trial court erred in holding that there was no present representation by defendants that the steel required for the initial delivery of 2,500 dozen hoes by April 30, 1948, as required by the written contract, was actually in possession of defendants’ corporation at the time the contract was made. The record is replete with such evidence. Defendants’ oral testimony that they did in fact have sufficient of such steel on hand for such delivery was contradicted by contemporaneous documentary evidence signed by defendants or either of them.
The dies for which $1,500 was paid were in fact manufactured. But the $5,000 in question was an advance payment or deposit by plaintiff required by the contract to be returned to plaintiff in default of delivery of the 2,500 dozen hoes, which concededly were never delivered. Irrespective of every other consideration, on this record defendants on the proof adduced were, under the allegations of the complaint, required to indemnify plaintiff for the $5,000 advance payment or deposit.
The judgment appealed from should be reversed, with costs, and judgment entered in plaintiff’s favor against defendants for $5,000, with interest and costs.
Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur.
Judgment unanimously reversed, with costs to the appellant, and judgment directed to be entered in favor of the plaintiff for $5,000, with interest and costs. Settle order on notice.